IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK BURGESS                                                                                              PLAINTIFF

V.                                    CASE NO. 3:15-cv-00017-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                              DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Mark Burgess filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

## I.     PROCEDURAL HISTORY

Mr. Burgess protectively filed his application for SSI on February 14, 2011. (R. at 71.) He alleged a disability onset date of January 1, 2006. (R. at 71.) He alleged complications from pain straight down his spinal cord, shoulder pain, and hip pain. (R. at 220.) The Social Security Administration denied Mr. Burgess's claim at the initial and reconsideration levels. (R. at 71.) On June 26, 2012, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 52.) On July 18, 2012, the ALJ issued an unfavorable decision, denying Mr. Burgess's claim. (R. at 68.)

On March 20, 2013, the Appeals Council granted Mr. Burgess's request for review and sent the case to a different ALJ for further proceedings. (R. at 85.) On July 8, 2013, the new ALJ held a hearing on this matter. (R. at 31.) On July 19, 2013, that ALJ issued an unfavorable decision, denying Mr. Burgess's claim. (R. at 9.) On December 2, 2014, the Appeals Council denied Mr. Burgess's request for review. (R. at 1.)

On January 16, 2015, Mr. Burgess filed a complaint against the Commissioner, appealing the ALJ's denial of SSI. (Compl. 1, ECF No. 2.) On January 21, 2015, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 12.)

## II.   ADMINISTRATIVE PROCEEDINGS

Mr. Burgess was forty-one years old at the time of the second administrative hearing and had completed high school. (R. at 33.) He also had an expired commercial driver's license. (R. at 33.) He had past relevant work as a sanitation truck driver and road truck driver. (R. at 45.) The ALJ applied the five-step sequential evaluation process to Mr. Burgess's claim.[1] (R. at 13.) The ALJ found that Mr. Burgess satisfied the first step because he had not engaged in substantial gainful activity. (R. at 14.) At step two, the ALJ found that Mr. Burgess suffered from the severe medical impairments of a thoracic disc bulge, lumbar spondylosis, and obesity. (R. at 14.) At step three, the ALJ found that Mr. Burgess did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 15.) Before proceeding to step four, the ALJ found that Mr. Burgess had a residual functional capacity ("RFC") to perform light work with the following additional limitations:

> [h]e would be limited to jobs that required no frequent bending, crouching or climbing; no frequent overhead reaching; and no exposure to concentrated amounts of respiratory irritants such as dusts, fumes, strong odors, or extreme changes in temperature or humidity.

---

[1] The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

(R. at 16.) In making the RFC determination, the ALJ found that Mr. Burgess was not credible regarding the persistence and limiting effects of his impairments' symptoms. (R. at 18.) At step four, the ALJ found that Mr. Burgess was not capable of performing his past relevant work. (R. at 22.) At step five, the ALJ determined that there are jobs that exist in significant numbers in the national and local economies that Mr. Burgess can perform, such as a bench worker or a machine tender. (R. at 23.) Therefore, the ALJ found that Mr. Burgess was not disabled. (R. at 23.)

### III.    STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV.   DISCUSSION

Mr. Burgess argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br.2, ECF No. 11.) Specifically, Mr. Burgess alleges that substantial evidence does not support the ALJ's RFC assessment. (*Id.* at 16.) The Commissioner argues that substantial evidence supports the ALJ's decision. (Def.'s Br. 5, ECF No. 12.)

It is the claimant's burden to prove his RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, the ALJ should rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

The ALJ's RFC assessment is supported by substantial evidence. The ALJ reviewed the entire record and assessed Mr. Burgess's RFC based on all relevant, credible evidence. (R. at 16.) The ALJ properly considered whether Mr. Burgess's activities of daily living are inconsistent with a disability claim. (R. at 17 (citing R. at 237)); *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007) (holding that inconsistencies between subjective complaints of pain and daily living patterns may diminish credibility). On March 11, 2011, Mr. Burgess wrote that he wakes up and attempts to find odd jobs to make a living for himself. (R. at 237.) The ALJ noted that Mr. Burgess "alleges he has no problems with his ability to dress, bathe, care for hair, shave, feed self, and use the toilet." (R. at 17 (citing Ex. 5E)). The ALJ also noted that Mr. Burgess "prepares his own meals daily, does the

4

cleaning and laundry if he is not hurting too bad, uses public transportation, goes out alone, and shops in stores for basic things." (R. at 17 (citing Ex. 5E)). The ALJ found that any limitations in Mr. Burgess's daily activities "appear to be limited more on a self-imposed voluntary basis [rather] than as a result of any functional restrictions due to his limitations." (R. at 17.) The ALJ's findings are supported by substantial evidence in the record.

The ALJ also properly determined that there is a lack of objective medical evidence to corroborate Mr. Burgess's hip and back pain. (R. at 17 (citing *Forte v. Barnhart*, 377 F.3d 892 (8th Cir. 2004))). Mr. Burgess argues that he could not afford to go to the doctor, but there is no evidence that he went to a free pain clinic or was turned down for medication due to funds. Additionally, the medical records from when Mr. Burgess went to the hospital are inconsistent with a claim of disabling pain. The medical records did show severe back pain from January 5, 2012, to March 16, 2012, but Mr. Burgess did not keep his appointments or take his prescription medication for fear of becoming addicted. (R. at 363.) Failure to follow the prescribed treatment discounts a claim of disabling pain. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). After reviewing the entire record, the Court finds that substantial evidence supports the ALJ's RFC determination.

## V.   CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of

the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

    SO ORDERED this 21st day of October, 2015.

                                                                                                     _____
                                                                                                   UNITED STATES MAGISTRATE JUDGE